**FILED**

MAR 18 2010

Clerk, U.S. District and Bankruptcy Courts

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE TUCKSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10 0450 |
| JOHN CAULFIELD, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Count on initial review of plaintiff's *pro se* complaint. For the reasons stated below, the complaint will be dismissed.

Plaintiff has been detained at the District of Columbia's Correctional Treatment Facility ("CTF"), which is operated by the Corrections Corporation of America ("CCA"), since June 2009. Compl. at 2. He obtained a work assignment in the Receiving and Discharge area on December 4, 2009, and on December 11, 2009, defendants removed him from the position without offering him an explanation. *Id.* at 3. In addition, defendants forbade plaintiff from applying for another job, and they transferred him from a low security housing unit to a maximum security housing unit. *Id.* According to plaintiff, these actions not only violated CCA policy but also were based on inaccurate and incomplete information maintained in his inmate record. *See id.* at 3, 6. He brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, and demands the "[i]mmediate removal of any and all inaccurate, unfair,

incomplete information maintain in Plaintiff's record," his reinstatement to the position in the Receiving and Discharge office, and monetary damages. Compl. at 9.

Under the Privacy Act, an individual may bring a civil action against an agency which "fails to maintain any record concerning [him] with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual[.]" 5 U.S.C. § 552a(g)(1)(C). Generally, for purposes of the Privacy Act, the term agency" means "each authority of the Government of the United States, . . . but does not include . . . the government of the District of Columbia[.]" 5 U.S.C. § 551(1)(D); see 5 U.S.C. § 552(f)(1). Nor does the Privacy Act apply to a private corporation or to an individual. See, e.g., Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming the district court's dismissal of individual defendants in an action brought under the Freedom of Information and Privacy Acts); Tyree v. Hope Village, Inc., __ F. Supp. 2d __, 2009 WL 5173784, at *1 (D.D.C. Dec. 30, 2009) (dismissing a Privacy Act claim against a half-way house in the District of Columbia because it was not an "agency" as the term is defined for purposes of the Act); Jackson v. Fed. Bureau of Prisons, 657 F. Supp. 2d 176, 178-79 (D.D.C. 2009) (dismissing

Privacy Act claims against a private corporation which operated a correctional facility under contract with the BOP).

Because the complaint fails to state a claim upon which relief can be granted, the Court will dismiss this action. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

DATE: 3/12/10